UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BILLY NOEL CATHERWOOD,
    Petitioner,

v.                                                        Case No. 8:21-cv-1469-KKM-TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,
    Respondent.
_____

## ORDER

Billy Noel Catherwood, a Florida prisoner, filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1.) The Court directed Catherwood to show cause why his petition should not be dismissed as untimely. (Doc. 5.) Upon consideration of the petition (Doc. 1) and Catherwood's response to the show cause order (Doc. 8), the Court dismisses the petition as untimely.

## I.    BACKGROUND

Catherwood states that a state court jury convicted him of two counts of DUI with serious bodily injury, two counts of DUI with personal injury, and one count of leaving the scene with serious bodily injury. (Doc. 1, p. 1.) Catherwood represents that he was sentenced to a term of 12 years and one month in prison. (*Id.*) And he reports that his convictions and sentences were affirmed on direct appeal on December 6, 2019. (*Id.*, p. 2); *see Catherwood v. State*, 288 So.3d 22 (Fla. 2d DCA 2019).

II.     TIMELINESS ANALYSIS

   A. One-Year Statutory Limitation Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). The AEDPA establishes a one-year statute of limitation for filing a § 2254 habeas corpus petition. 28 U.S.C. § 2244(d)(1). The limitation period usually runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" is pending. 28 U.S.C. § 2244(d)(2).

Catherwood's convictions and sentences were affirmed on direct appeal on December 6, 2019. *See Catherwood*, 288 So.3d 22. His judgment became final 90 days later, on March 5, 2020, when the time to petition the Supreme Court of the United States for a writ of certiorari expired. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). Therefore, Catherwood had one year, until March 5, 2021, to file his federal habeas petition absent any tolling applications in state court.

Catherwood initiated an earlier action in this Court by filing a § 2254 petition in *Catherwood v. Sec'y, Dep't of Corr.*, No. 8:21-cv-594-KKM-CPT on March 5, 2021, the last day of his limitation period. (Doc. 1 in 8:21-cv-594-KKM-CPT, p. 1.) The Court

dismissed the petition without prejudice on the bases that the petition failed to clearly specify each claim for relief and failed to comply with Federal Rule of Civil Procedure 11(a) because it was unsigned. (Doc. 3 in 8:21-cv-594-KKM-CPT.)

The Court allowed Catherwood until May 14, 2021, to file an amended petition that was signed and that clearly set forth each claim. (*Id.*, pp. 2-3.) The Court warned Catherwood that his failure to comply with the order would result in the dismissal of the case, and that the one-year limitation period was not tolled by the filing of his initial § 2254 petition. (*Id.*, p. 3.) Catherwood filed an amended petition by the deadline, but it was also unsigned. (Doc. 4 in 8:21-cv-594-KKM-CPT.) The Court dismissed the case without prejudice for failure to comply with the earlier order. (Doc. 5 in 8:21-cv-594-KKM-CPT.)

When Catherwood initiated this action by filing a new § 2254 habeas petition on June 15, 2021, the limitation period had already run. The limitation period cannot be revived. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (stating that a state court application for collateral review "that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled' " (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000))).

Catherwood does not represent that he filed any tolling applications in state court before March 5, 2021, and a review of online dockets for Florida's Thirteenth Judicial Circuit and Second District Court of Appeal does not reveal any tolling applications filed

prior to the expiration of the limitation period.[1] In his response, Catherwood does not argue that his petition is timely under § 2244(d)(1)(A). Nor does he argue that he is entitled to a later start to the limitation period under another provision of § 2244(d)(1). Instead, he contends that the Court can review his untimely petition on the grounds that he is entitled to equitable tolling or that he has shown his actual innocence.

### B. Equitable Tolling

Section 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his § 2254 petition. *Id.* at 649 (quoting *Pace*, 544 U.S. at 418). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011). A petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *Id.* at 1267.

Because this is a "difficult burden" to meet, the Eleventh Circuit "has rejected most claims for equitable tolling." *Diaz v. Sec'y, Dep't of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004); *see also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003)

---

[1] The Court takes judicial notice of the online state court dockets. *See* Fed. R. Evid. 201.

4

("[E]quitable tolling applies only in truly extraordinary circumstances."); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("Equitable tolling is an extraordinary remedy which is typically applied sparingly."). The applicability of equitable tolling depends on a case's facts and circumstances. *See Holland*, 560 U.S. at 649-50 (stating that equitable tolling decisions are made on a case-by-case basis); *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002) (stating that for purposes of equitable tolling, "[e]ach case turns on its own facts").

Catherwood contends that equitable tolling is warranted due to restrictions in his prison related to COVID-19 between March 24, 2020, and October 10, 2020. (Doc. 8, p. 2.) He asserts that these restrictions included a lack of access to the law library. (*Id.*) However, Catherwood does not show that such circumstances prevented timely filing of his § 2254 petition in this action. After October 10, 2020, Catherwood still had nearly five months left on his AEDPA limitation period. Indeed, he timely filed a § 2254 petition in his earlier case. Additionally, restricted law library access is not an extraordinary circumstance. *See Helton v. Sec'y, Dep't of Corr.*, 259 F.3d 1310, 1313-14 (11th Cir. 2001) (stating that claims about an allegedly deficient prison law library were insufficient to establish an "extraordinary circumstance" warranting equitable tolling); *Miller v. Florida*, 307 F. App'x 366, 367-68 (11th Cir. 2009) (concluding that limited access to a law library

5

was not an extraordinary circumstance). Thus, any prison restrictions during the identified period are not extraordinary circumstances warranting equitable tolling.

Catherwood similarly argues that outbreaks of COVID-19 occurred in prison and that at one point he had to remain in his dorm for 30 days and was not able to reacquire his legal documents until the first week of November 2021. (Doc. 8, p. 3.) Catherwood does not clearly state when this 30-day lockdown began. Because he asserts that his paperwork was returned in November 2021, it appears that the lockdown likely occurred in the fall of 2021, which was after Catherwood's limitation period already expired in March 2021 and after he filed his petition in June 2021 in this case. Periods of lockdown and the resulting separation of prisoners from their paperwork are not extraordinary circumstances. *See Dodd v. United States*, 365 F.3d 1273, 1282-83 (11th Cir. 2004) (stating that precedent "suggests that lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate" and rejecting the petitioner's claim that separation from his legal papers upon transfer to another prison was an extraordinary circumstance (citing *Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000))).

Next, Catherwood contends that equitable tolling is warranted because a prison law clerk told him not to sign the petition filed in his earlier action so that "his case would be

6

placed on tolling until all state remedies were exhausted." (Doc. 8, p. 2.) Catherwood contends in a conclusory manner that the prison law clerk acted in bad faith. (*Id.*, pp. 2-3.)

This contention involves the papers filed in Catherwood's earlier action. To the extent Catherwood intends to challenge the dismissal of that case, such a claim is not properly raised in this action. Catherwood must show why he was prevented from timely filing his petition in this action. To the extent his argument can be interpreted as alleging entitlement to equitable tolling between the time his earlier action was filed and the time this action was filed, however, his argument affords no relief.

Catherwood's reliance on misadvice from a prison law clerk is not a basis for equitable tolling. The prison law clerk is not an attorney. *See, e.g.*, *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1236 (11th Cir. 2017) (listing circumstances under which an attorney's acts or omissions, including an attorney's acting in bad faith, which might provide a basis for equitable tolling); *see also Moore v. Crews*, No. 13-14482-CIV, 2014 WL 12651190 at *9 (S.D. Fla. Apr. 3, 2014), *report and recommendation adopted*, 2014 WL 12652325 (S.D. Fla. May 7, 2014) (rejecting a petitioner's claim of equitable tolling based on the petitioner's reliance on a jailhouse lawyer's misadvice). Furthermore, this Court provided Catherwood an opportunity to amend his petition in his earlier case and informed Catherwood that an amended petition must be signed. (Doc. 3 in 8:21-cv-594-

7

KKM-CPT, p. 2.) Catherwood's reliance on misadvice from a prison law clerk despite the Court's direction does not justify equitable tolling.

Finally, Catherwood contends that the prison law clerk took some of his legal work in February 2021 and delayed in returning it to him. But this is not an extraordinary circumstance warranting equitable tolling. Catherwood does not show how any such separation from his legal papers caused the untimely filing of his § 2254 petition in this case. Additionally, an inmate's separation from his legal papers is not a basis to award equitable tolling. *See Dodd*, 365 F.3d at 1282-83.

### C. Actual Innocence

A petitioner's showing of his actual innocence may serve as a gateway to allow review of his untimely § 2254 petition. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). This exception "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Id.* at 394-95 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Actual innocence "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Catherwood asserts that he is actually innocent of the offenses of conviction. He states that he was not the driver of the vehicle when the accident occurred, and that he has

no knowledge of the accident. (Doc. 8, pp. 5-6.) This conclusory and unsubstantiated statement is not "new evidence" showing that he is actually innocent of the offenses.

Catherwood also supports his actual innocence argument with excerpts from his state court postconviction motion, apparently filed after his AEDPA limitation period expired. Catherwood argues that the car's passenger side airbag had DNA, blood, and saliva that, if tested, would have established that he was sitting in the passenger's seat. (*Id.*, p. 7.) Catherwood contends that the State released the vehicle before the defense was aware of the evidence. (*Id.*) Catherwood's conclusory assertions about the past existence of DNA evidence that potentially could have been tested is not "new evidence" of his actual innocence for purposes of overcoming the time-bar. Catherwood only speculates about the results of such DNA testing if it would have occurred.

Catherwood also makes numerous allegations of prosecutorial misconduct during his trial. For instance, he contends that the prosecutor elicited false testimony; presented a digitally altered photograph; shifted the burden of proof; illegally prosecuted him; personally testified to non-existent facts; violated numerous rules of procedure; and appealed to the jury's emotions. (*Id.*, pp. 21-31.) But Catherwood has not shown how any of these alleged errors in his trial proceedings prove that he did not, in fact, commit the offenses of conviction.

Finally, Catherwood contends that the State presented insufficient evidence to prove his guilt. (*Id.*, pp. 12-21.) But legal insufficiency of the evidence is not commensurate with a showing of actual innocence. *See Bousley*, 523 U.S. at 623. Accordingly, the Court concludes that Catherwood has not established that he is actually innocent so as to warrant review of his untimely petition under *Perkins*.

### III. CERTIFICATE OF APPEALABILITY

Catherwood is not entitled to a certificate of appealability ("COA"). A prisoner has no absolute right to appeal a district court's dismissal of his § 2254 petition. 28 U.S.C. § 2253(c)(1). A court must first issue a COA. *Id.* A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To merit a COA, Catherwood must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *Id.*; *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Because the motion is clearly time-barred, Catherwood cannot meet the second prong of the *Slack* test. As Catherwood is not entitled to a COA, he is not entitled to appeal in forma pauperis.

The Court therefore **ORDERS** that Catherwood's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED as time-barred**. The **CLERK** is directed to enter judgment against Catherwood and in Respondents' favor and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on April 29, 2022.

_Kathryn Kimball Mizelle_
Kathryn Kimball Mizelle
United States District Judge